UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,

                                Plaintiff,

      v.                                                                             COMPLAINT

THE GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA,

                                Defendant,
------------------------------------------------------------------------------X

Plaintiff, Building Service 32BJ Pension Fund ("Fund"), by its attorneys Raab, Sturm, & Ganchrow, LLP, as and for its Complaint against The Guardian Life Insurance Company of America ("Defendant") alleges as follows:

## NATURE OF ACTION

1. This is an action commenced by the Fund to recover unpaid withdrawal liability, liquidated damages, interest, attorneys' fees, and costs within the meaning of Title VII of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001 et seq., 29 U.S.C. §1301 et seq.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

        (a)    Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

        (b)    Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

        (c)    28 U.S.C. Section 1331 (federal question); and

        (d)    28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2)). Service of process may be made on Defendant in any other district in which it or they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as independent legal entity under Section 502(d) (1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to provide pension benefits to those employees eligible to receive them. The Fund maintains its offices and is administered at 25 West 18th Street, New York, New York, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto, Defendant was, and continues to be, a New York corporation, whose present addresses is 10 Hudson Street, County, City and State of New York, 11732, which did business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and which was an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).  Further, upon information and belief, Defendant was party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Fund, for Defendant's employees within the unit set forth in the Agreement with Union, to wit, the building service employees of Defendant employed at 7 Hanover Square in New York City.

## FACTUAL BACKGROUND

### Defendant's Complete Withdrawal From the Plan

7. Until on or about June 30, 2019 Defendant was obligated to contribute to the Fund for each of its participating employees, who was employed at a building located at 7 Hanover Square in New York City, pursuant to a series of collective bargaining agreements between Defendant and the Union.

8. On or about June 30, 2019, Defendant permanently laid off all bargaining unit employees and ceased to have an obligation to contribute to the Fund.  The permanent cessation of the obligation to contribute constituted a complete withdrawal from the Fund as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. §1383(a)(1).

### Defendant's Failure to Pay the Withdrawal Liability

9. By completely withdrawing from the Fund, Defendant incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

10. By letter dated November 20, 2019, the Fund notified Defendant, of Defendant's complete withdrawal from the Plan, and that it owed the Fund withdrawal liability in the amount of $341,899 00, which could be paid in a lump sum or in 145 monthly installments of $3,419.17, beginning no later than January 22, 2020, with a final installment of $3,180.18. The letter further advised that Defendant had the right to arbitral review of the Fund's determination of the withdrawal liability.

11. Defendant failed to pay the withdrawal liability installment payment as and when same came due on January 22, 2020 and despite notice of default, dated February 12, 2020, Defendant had not timely cured the default.

12. Defendant failed to timely request arbitration of the Fund's determinations.

13. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and in accordance with the Fund's rules, upon the default, the Fund accelerated Defendant's withdrawal liability payment due to Defendant's default.

14. To date, the Fund has not received any payment of the withdrawal liability amount from Defendant; nor has the Fund received any payment from any other member of the Defendant's Control Group.

### Defendant's Failure to Provide Information to The Fund

15. By letter dated November 20, 2019 Defendant was served, and again by letter dated February 27, 2020 Defendant was served, with a Request for Information pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a).

16. To date, Defendant has not provided any responses.

## COUNT ONE

17. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 16 set forth above as if fully set forth herein.

18. The Fund is entitled to full payment of Defendant's outstanding withdrawal liability in the amount of $341,899.00, pursuant to Section 4301 of ERISA, 29 U.S.C. §1451 and the Fund's Plan.

19. The Fund is entitled to collect of Defendant, pre-judgment interest at the rate of 9% per annum, pursuant to the Fund's collection policy, on the outstanding withdrawal liability calculated from the acceleration date pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(c)(6) and the Fund's Plan.

20. The Fund is entitled to collect of Defendant liquidated damages in the amount of 20% of the outstanding balance of the withdrawal liability, plus attorneys' fees and costs, pursuant to Sections 29 U.S.C. 1451 (b) and 29 U.S.C. §1132(g)(2) and the Fund's Plan.

## COUNT TWO

21. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 20 set forth above as if fully set forth herein.

22. Pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a), the Fund is entitled to full and complete responses from Defendant to the Fund's Requests for Information concerning the entities under "common control" with Defendant.

## REQUEST FOR RELIEF

WHEREFORE, the Fund respectfully requests the following judgment in favor of the Fund and against Defendant:

1.      That Defendant be held liable for the outstanding withdrawal liability in the amount of $341.899.00.

2.      That Defendant be held liable for the full amount of the prejudgment interest attributable to the withdrawal liability;

3.      That Defendant be held liable for the liquidated damages attributable to the withdrawal liability computed at the rate of 20% of the outstanding withdrawal liability.

4.      That Defendant be held liable for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees;

5.      That Defendant be compelled to provide the Fund with full and complete responses to the Fund's request for information concerning commonly controlled businesses and upon presentation of such information, to have each commonly controlled business held jointly and severally liable for the relief herein awarded against Defendant.

6.      That the Fund shall have such other and further relief as the Court shall deem just and proper.

Dated:  April 30, 2020

Raab, Sturm & Ganchrow, LLP

s/   Ira A. Sturm
By: Ira A. Sturm
Attorneys for Plaintiff
2125 Center Avenue, Suite 100
Fort Lee, New Jersey, 07024
201-292-0150
isturm@rsgllp.com